**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| YORBEY CIFUENTES SANCHEZ | CIVIL ACTION NO. 26-1490 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE LEBLANC |

## <u>ORDER</u>

Yorbey Cifuentes Sanchez ("Sanchez") concurrently filed a petition for writ of habeas corpus, Record Document 1, and motions for immediate release, stay of removal, and a temporary restraining order, Record Documents 3, 4, **5**. The habeas petition is **REFERRED** to the Magistrate Judge for consideration and recommendation. Record Document 1. For the following reasons, Sanchez's motions for immediate release, stay of removal, and a temporary restraining order are **DENIED**. Record Documents 3, 4, **5**.

In his motion for injunctive relief, Sanchez seeks a temporary stay of his removal. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at \*1 (5th Cir. Jan. 13, 2026).

Moreover, although this Court has "the power to preserve existing conditions while it [determines] its own authority to grant injunctive relief[,]" Sanchez has not

1

alleged any sort of lawful status, and without such, the Court declines to grant him temporary relief. *Cf. Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (restraining removal during habeas proceeding where noncitizen had deferred action status).

In addition, Sanchez seeks immediate release from immigration custody. As such, Sanchez's motion mirrors the same relief demanded in his habeas petition. "Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now…The Court will not allow Petitioner to commit an end-run around the habeas process." *Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025).For the foregoing reasons, the motions for a temporary restraining order, immediate release, and stay of removal are denied.

**DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of May, 2026.

_____
**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**